**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| KRISTI M. KRISHER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:09-CV-83-TS |
| | ) | |
| ANDREW KRISHER and | ) | |
| JEFF WILLIAMS | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The Plaintiff, Kristi M. Krisher, has sued Andrew Krisher (Krisher) and a Miami County Sheriff Deputy, Jeff Williams, for events that transpired after the Plaintiff moved from Krisher's residence and attempted to take her two and one-half-year-old son with her. Defendant Krisher has moved to dismiss the Plaintiff's Amended Complaint on grounds that there is no subject matter jurisdiction (Federal Rule of Civil Procedure 12(b)(1)), and that the Amended Complaint fails to state a claim upon which relief may be granted (Federal Rule of Civil Procedure 12(b)(6)).

**PROCEDURAL BACKGROUND**

On January 29, 2009, the Plaintiff filed a Complaint in the Miami Superior Court against Krisher, Williams, and two other Defendants connected with the Miami County Sheriff's Department. The Plaintiff sought damages for violations of her constitutional rights pursuant to 42 U.S.C. § 1983, as well as for violations of state law. On February 26, the Defendants removed the case to federal district court. The Defendants filed responsive pleadings and on April 13, Defendant Krisher moved to dismiss the Complaint. The Plaintiff filed a Memorandum of Law

in Opposition to Motion to Dismiss, and Krisher filed a Reply. However, on June 1, the Plaintiff filed an Amended Complaint, although she had not sought leave to do so. On July 7, during a status conference set by the Court, the Plaintiff moved for and was granted leave to amend her pleadings effective as of June 1, the Court granted the parties' oral stipulation to dismiss the two Miami County Sheriff's Department Defendants whom she originally sued but did not name as Defendants in the Amended Complaint, and the Court denied as moot the Defendant's Motion to Dismiss.

In response to the Amended Complaint, Defendant Krisher filed his Second Motion to Dismiss on July 27. The Defendant argues that for each of the two conspiracies that are claimed in the Amended Complaint, there are insufficient facts to support the conclusion that the Defendant, who is a private citizen, and the state actors, who are a judge and a sheriff's deputy, formed any agreement to violate the Plaintiff's constitutional rights. The Defendant argues that the Court does not have subject matter jurisdiction because the Amended Complaint arises out of an underlying custody battle that has already been decided by a state tribunal. The Defendant also maintains that the Court does not have jurisdiction over the claims that arise under state law.

On August 18, the Plaintiff filed her Memorandum of Law in Opposition to Motion to Dismiss. The Plaintiff argues that the Defendant is improperly attempting to hold her to a heightened pleading standard, and that the Court has jurisdiction over the pendent state law claims.

On September 2, the Defendant filed his reply brief, reiterating his argument that the Amended Complaint does not state a plausible claim for relief.

# COMPLAINT ALLEGATIONS

The following facts are derived from the Amended Complaint and documents attached thereto.

The Plaintiff is the biological mother of AWK, who was born out of wedlock in 2004. At the time of the events giving rise to the Amended Complaint, the Plaintiff had legal custody of AWK through statutory presumption.[1] On February 1, 2007, Jeffrey Price, acting as Defendant Andrew Krisher's lawyer, prepared and filed in the Miami Superior Court a Verified Petition to Establish Paternity, requesting that the court grant an emergency order giving Krisher temporary custody of AWK. The Petition did not comply with the Indiana trial rule governing the issuance of *ex parte* emergency relief because Price did not provide certification of his efforts to give notice to the Plaintiff or the reasons that notice should not be required. The next day, Miami Superior Court Judge Daniel C. Banina granted the improper and deficient request.

Proceedings to establish paternity and custody continued in Miami Superior Court, but it was not until February 11, 2008, that the February 2, 2007, order was set aside as void. In doing so, the parties stipulated that the February 2 *ex parte* order was void, and that the Plaintiff was entitled to sole custody of AWK pending a full judicial determination of paternity and custody.

In Count One of the Amended Complaint, the Plaintiff alleges that Krisher, Price, and Judge Banina of the Miami Superior Court:

> had a "'meeting of the minds'" in the course of their prohibited *ex parte* communication in violation of *Professional Conduct Rule 3.5(b)* which was consummated and culminated in the issuance of the illegal, improper, and unconstitutional *ex parte* order of February 2, 2007 transferring custody of Plaintiff's minor child A.W.K. to Andrew Krisher without any notice to Plaintiff

---

[1] Indiana Code § 31-14-13-1 states that a biological mother of a child born out of wedlock has sole legal custody of the child unless a statute or court order provides otherwise.

> and without granting Plaintiff an opportunity to be heard in opposition to the *ex parte* action which is a violation of the Plaintiff's due process rights.

(Pl.'s Am. Compl. ¶ 13.) The Plaintiff contends that these actions constituted an unlawful civil conspiracy to deprive the Plaintiff of her constitutional rights to due process and the equal protection of the law, to deprive the Plaintiff of her statutory right to sole custody, and to deprive her of her constitutionally protected inherent right to the care and control of her child. The Plaintiff asserts that Krisher became a state actor when he solicited "the aid, participation, and complicity" of Judge Banina "by engaging in improper *ex parte* communications with said state official, by Andrew Krisher's signing and filing a verified petition for emergency custody without the required certifications as required by law, which consummated in a 'meeting of the minds' between" Price, Krisher, and Judge Banina, "which resulted in the unlawful, unethical, and illegal issuance of an *ex-parte* order." (Pl.'s Am. Compl. ¶ 24.) The Plaintiff also alleges that Krisher's acts constitute criminal confinement of AWK pursuant to Indiana Code § 35-42-3-3, and entitle her to treble damages under Indiana Code § 34-24-3-1.

In Count Two of the Amended Complaint, the Plaintiff asserts that Krisher and Miami County Sheriff Deputy Jeff Williams conspired to violate her statutory and constitutional rights to sole custody of AWK when they did not allow her to take AWK with her as she left Krisher's residence. She alleges that on January 30, 2007, Williams, acting in his capacity as a Miami County Sheriff Deputy, threatened to arrest her if she did not leave AWK with Krisher. She also asserts a statutory claim for treble damages pursuant to Indiana Code § 35-42-3-3 and Indiana Code § 34-24-3-1.

The Third Count of the Amended Complaint is asserted against Defendant Krisher only and is a state law claim related to property acquired by the Plaintiff and Krisher during their co-

habitation, including a 2001 Honda. In Count Four, the Plaintiff alleges that Krisher filed a false report that she had stolen the Honda in retaliation for her moving to set aside the *ex parte* order of custody, and that this constitutes abuse of process.

## DISCUSSION

**A.    Subject Matter Jurisdiction**

A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) when the court lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998). Here, subject matter jurisdiction is evident on the face of the Amended Complaint and the Defendant's arguments to the contrary are not persuasive.

The Defendant argues that the Plaintiff's lawsuit is an improper collateral attack because the Plaintiff's "cause of action stems from a nearly identical claim filed and dismissed multiple times at the state court level" and that the Plaintiff has filed this lawsuit in hopes of obtaining a different outcome. (Def.'s Mem. 10, DE 45.) It appears that the state matter the Defendant is referring to is a custody dispute. (Def.'s Mem. 11) (arguing that the "complaint arises out of an underlying custody battle in which the Plaintiff did not get the desired outcome"). In her § 1983 Complaint, the Plaintiff is seeking to obtain damages for a deprivation of her constitutional rights related to an order that remained in effect for over one year but has since been set aside as void. The Defendant does not indicate how the § 1983 suit would require this Court to review, modify, or reverse any judicial determination of custody.

The Defendant's second argument in opposition to this Court's jurisdiction is confined to the state law claims. The Defendant contends that the Court does not have jurisdiction of claims for which there is no diversity of jurisdiction or no federal question. The Defendant's argument fails to take into account that he consented to removal of this action from state court pursuant to 28 U.S.C. § 1441, which allows for removal of any civil action brought in state court of which a district court would have had original jurisdiction. Whenever a separate and independent removal claim "is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c). Even if the Defendant were to prevail on his Rule 12(b)(6) argument, and the federal claims dropped out before trial leaving only supplemental jurisdiction as the basis for a decision, remand of the state claims—not dismissal—would be the presumptively appropriate outcome. *See* 28 U.S.C. § 1367(c)(3); *Cadleway Properties, Inc. v. Ossian State Bank*, 478 F.3d 767, 769–70 (7th Cir. 2007).

B.   **Rule 12(b)(6) Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to challenge the sufficiency of the complaint to state a claim upon which relief can be granted. The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in

fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the plaintiff's favor. However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 1950.

C. **Pleading a Civil Conspiracy Under § 1983**

The Plaintiff claims that the Defendants conspired to violate her federal constitutional rights and state statutory rights, and brings this suit pursuant to 42 U.S.C. § 1983. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived her

7

of a federal right, and that the person who has deprived her of the right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The Defendant argues that the Plaintiff has not sufficiently pled the state action element of a § 1983 claim. It is undisputed that Defendant Krisher is not a state actor. However, to act under color of state law for purposes of § 1983 does not require that the defendant be an officer of the State; "[i]t is enough that he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) (holding that when private persons are jointly engaged with state officials in challenged action, they are acting under color of law for § 1983 purposes). The Defendant's argument that Judge Banina is not a state actor whith whom Defendant Krisher could conspire because Judge Banina is immune from suit is without merit. In *Dennis*, the plaintiff alleged that a judge granted an injunction in accordance with a corrupt conspiracy that involved bribing the judge. *Id.* at 28. The Court held that "[u]nder these allegations, the private parties conspiring with the judge were acting under color of state law; and it is of no consequence in this respect that the judge himself is immune from damages liability." *Id.*

However, the Defendant also argues that the Plaintiff's allegations do not state a claim that is plausible, because they only suggest a possibility that Krisher acted unlawfully, which is not sufficient under *Twombly* and *Iqbal*. Even before the Supreme Court's pronouncements in *Twombly* and *Iqbal*, "conspiracy allegations were often held to a higher standard than other allegations; mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her was not enough." *Cooney v. Rossiter*, — F.3d —, 2009 WL 3103998, at *3 (7th Cir. Sept. 30, 2009). While *Dennis* is instructive for its holding that private individuals act under

8

color of state law when they jointly engage with state officials to deprive a person of his constitutional rights, it is also important to remember the Court's statement that, "[o]f course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis*, 449 U.S. at 28. To state a claim for § 1983 liability via a conspiracy theory, a plaintiff must allege that: (1) a private actor and a public official reached an understanding to deprive him of his constitutional rights; and (2) the private actor wilfully participated in joint activity with the state official. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 2000).

**1.** *Conspiracy Among Krisher, Krisher's Lawyer, and the Presiding Judge*

The reasonable inferences supported by the facts alleged in the Amended Complaint are that Krisher wanted legal custody of AWK, that Krisher did not have custody or the presumption of custody under Indiana law because he was not married to the Plaintiff when AWK was born, that he obtained the help of an attorney to file pleadings in court to gain legal custody, that Krisher and his attorney filed a petition for temporary custody until paternity could be established and did so without giving the Plaintiff proper notice, and that Judge Banina granted the petition before the Plaintiff had an opportunity to respond and be heard.

Obviously, the petition could not have been granted by any judicial officer without first being filed. And there is no dispute that counsel's petition was an improper *ex parte* communication with the judge, and that granting the petition contravened Indiana Trial Rule

65(b) and the Code of Judicial Conduct.² The filing of the petition and its subsequent issuance form the sole basis of the Plaintiff's conspiracy claim. The Plaintiff alleges "[a]s a direct and proximate result of [the] improper *ex parte* communication with the judge, Daniel C. Banina, the sitting state court judge in the Miami Superior Court, signed and issued the tendered ex-parte order on February 2, 2007." (Am. Compl. ¶ 11.) In turn, the only improper *ex parte* communication referenced in the Amended Complaint is the verified petition for emergency custody.

In the most literal sense, Judge Banina and Krisher, through his court filing, "agreed" that an emergency *ex parte* petition to grant Krisher temporary custody of AWK should issue, but only in the same way that any court granting a party's motion could be said to agree with that party. But nothing in the Amended Complaint demonstrates the existence of any concerted effort or plan, or even a general understanding between Judge Banina, Krisher, and his lawyer. Although the Plaintiff alleges that the parties had a "meeting of the minds" and engaged in a "joint venture," the Court must ignore these allegations for purposes of deciding the Motion to Dismiss because they are merely formulaic recitations of the cause of action or legal conclusions. Once these conclusions are stripped away, there is no other factual allegation from which to infer joint conduct. The Plaintiff has made no claim that Krisher improperly influenced the judge's decision, or took any action beyond filing the petition, such that Judge Banina was not exercising independent, albeit erroneous, judgment. The acts performed by Krisher and Judge Banina, upon which the Plaintiff relies to allege a conspiracy, could have just as likely

---

² The Plaintiff has attached to her Amended Complaint the Admonition of the Honorable Daniel C. Banina, Miami Superior Court, January 20, 2009, issued by the Indiana Commission on Judicial Qualifications, as well as the Indiana Supreme Court Disciplinary Commission's Published Order Approving Statement of Circumstances and Conditional Agreement for Discipline, January 20, 2009, which approve public reprimand for attorney Price.

occurred without any agreement between them. *Cf., Twombly*, 550 U.S. at 554 (reasoning that the plaintiff's allegations of parallel conduct were "consistent with conspiracy, but just as much in line with a wide swath of rational and competitive business strategy unilaterally prompted by common perceptions of the market"). Similarly, a judge does not act in concert with a party merely because he grants that party's pending motion. *See Dennis*, 449 U.S. at 28 (distinguishing participation in judicial process from a claim that the judge's actions were the product of a corrupt conspiracy involving bribery of the judge); *cf. Tierney v. Vahle*, 304 F.3d 734, 742 (7th Cir. 2002) (reasoning that "a conspiracy is an agreement, and a spontaneous response to information furnished one is not action pursuant to an agreement"). The principle that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or joint actor with a judge," *Dennis*, 449 U.S. at 28, does not become less true because the movant violated the rules of procedure or the code of professional conduct, or the judge violated the rules of judicial conduct, as long as their violations did not include making an extra-judicial agreement to deprive another person of a constitutional or federal right.

Section 1983 does not create a remedy for all conduct that may result in violation of rights secured by the Constitution. *Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). "Its reach is limited to actions taken 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" *Id.* (quoting 42 U.S.C. § 1983)). The alleged facts present only a possibility, not a plausibility, that Krisher engaged in a conspiracy with his lawyer and with Judge Banina to violate the Plaintiff's constitutional rights. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at

11

1950 (quoting Fed. R. Civ. P. 8(a)(2)). Without a plausible claim that Krisher and Judge Banina had an agreement to deprive the Plaintiff of her constitutional rights, Krisher's actions in filing an *ex parte* emergency order with the Miami Superior Court Judge in an effort to obtain custody of his minor child do not qualify as action taken under color of state law.

**2.**     *Conspiracy Between Krisher and the Miami County Sheriff's Deputy*

In Count 3 of the Amended Complaint, the Plaintiff alleges that on January 30, 2007, as she was trying to leave Krisher's residence with AWK, Krisher called the Miami County Sheriff to prevent her from taking AWK. Miami County Sheriff Deputy Jeff Williams responded, conferred with Krisher, and threatened to arrest the Plaintiff if she took AWK with her from the residence. The Plaintiff alleges that, through these events, Williams and Krisher had a meeting of the minds and conspired together to violate her statutory and constitutional right to the sole custody of her child.

The allegations that Williams and Krisher had a meeting of the minds and conspired to violate the Plaintiff's rights are conclusory and merely provide the framework for the specific factual allegation, which is that Krisher called law enforcement to come to his house when the Plaintiff was moving out and attempting to take AWK with her, Sheriff Deputy Williams responded, and, after Krisher and Williams conferred, Williams threatened the Plaintiff with arrest if she took AWK. The factual allegation that Krisher and Williams conferred says nothing about the content of their discussion or any plans they formed. Williams behavior is just as consistent with "a spontaneous response to information furnished" as it is to "action pursuant to an agreement." *Tierney*, 304 F.3d at 742 (7th Cir. 2002) (explaining that the former does not

constitute a conspiracy). "[P]rivate parties are not state actors when they merely call on the law for assistance, even though they may not have grounds to do so; "[t]here must be a conspiracy, an agreement on a joint course of action in which the private party and the state have a common goal." *Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1989) (quoting *Gramenos v. Jewel Cos.*, 797 F.2d 432, 435 (7th Cir. 1986)). Even if Krisher's goal was to deprive the Plaintiff of her constitutional rights, the allegations do not plausibly suggest that Williams joined in this goal. Although it is conceivable that, after Williams responded to Krisher's call to the Miami County Sheriff's Department and listened to the information Krisher furnished, he only threatened the Plaintiff with arrest because he had reached an agreement with Krisher to violate the Plaintiff's rights, it is not plausible.

The Plaintiff has not offered enough facts to raise a reasonable expectation that discovery will reveal evidence supporting her allegation of a conspiracy, or to allow the Court to draw a reasonable inference that Williams and Krisher reached an understanding to deprive the Plaintiff of her constitutional rights regarding the care and custody of her child. Without such joint action, Krisher cannot be held liable as a state actor under § 1983.

## CONCLUSION

For the foregoing reasons, Defendant Andrew Krisher's Motion to Dismiss [DE 44] is GRANTED. The § 1983 conspiracy claims against Defendant Krisher contained in Counts 1 and 2 of the Amended Complaint are dismissed. The state law claims against Defendant Krisher and the federal and state claims against Defendant Jeff Williams remain pending. The telephonic status conference set for November 23, 2009, is VACATED.

SO ORDERED on October 26, 2009.

                                            s/ Theresa L. Springmann
                                           THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT
                                           FORT WAYNE DIVISION