# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KRISTI M. KRISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:09-CV-83-TS |
| | ) | |
| ANDREW KRISHER | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Plaintiff, Kristi M. Krisher, sued Andrew Krisher (Krisher) for events that transpired after the Plaintiff moved from Krisher's residence and attempted to take her two and one-half-year-old son with her. On June 2, 2010, Magistrate Judge Christopher A. Nuechterlein filed a Report and Recommendation detailing the Plaintiff's failure to comply with the Court's order compelling discovery and with two subsequent orders to show cause, which advised the Plaintiff that her failure to respond could result in dismissal of her case.

This Court's review of the Magistrate judge's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1)(C) which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

The statute also requires objections to the Magistrate's Judge's Report and Recommendations to be made within ten days of service of a copy of the Report. *Id.* § 636(b)(1)(C).

Because the Plaintiff has not filed any objections to the Magistrate Judge's Report, de novo review is not required. This Court finds that the Magistrate Judge has correctly concluded,

based on the Plaintiff's failure to comply with this Court's orders, that she has abandoned her case. The Court ACCEPTS and ADOPTS the Report and Recommendation [DE 60], except to the extent that the Report recommends that the dismissal be without prejudice. As a sanction for failing to comply with the Court's orders and because she has abandoned this case, the Plaintiff's Complaint is DISMISSED WITH PREJUDICE pursuant to Rule 41(b). The Defendant is entitled to recover costs.[1]

SO ORDERED on June 22, 2010.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT
                                          FORT WAYNE DIVISION

---

[1] The Court notes that in the Defendant's Notice of Tender of Dismissal [DE 57], which the Court construed as a motion requesting that the case be dismissed as a sanction for failing to comply with the Court's discovery order, the Defendant requested an award of attorney fees and costs. Presumably, this request was made in response to the Order compelling discovery, in which the Magistrate Judge warned the Plaintiff that failure to comply would result in the imposition of sanctions, including a dismissal with prejudice, attorney fees, and costs [DE 56]. The Report and Recommendation does not address the issue of attorney fees or costs. The Defendant's submissions do not establish that he is entitled, as a matter of law, to recover attorney fees on the basis of the Plaintiff's failure to comply with the Court's orders, nor does it provide sufficient documentation in support of the requested fees, and no fees will be awarded. However, the Defendant is entitled to an award of costs. *See* N.D. Ind. L.R. 41.1 (providing that a case may be dismissed for want of prosecution "with judgment for costs" when no action has been taken for six months).